IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


                                   )
GEORGE RENÉ LANE,                  )
                                   )
     Plaintiff,                    )
                                   )
     v.                            )        1:04CV00789
                                   )
LUCENT TECHNOLOGIES, INC.,         )
                                   )
     Defendant.                    )


                           MEMORANDUM OPINION

OSTEEN, District Judge

     Plaintiff George René Lane filed this action against Lucent Technologies, Inc. ("Defendant" or "Lucent") alleging discrimination based on age, sex, and race in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). He also alleges Defendant retaliated against him in violation of Title VII. In addition to bringing suit against Lucent, Plaintiff brought claims against David W. Presley, Christine Troianello, Walter Gibbons, and Claudia Stickney ("Individual Defendants"), but those claims were dismissed by the court. The matter is now before the court on motion by Defendant for summary judgment.

I.   **FACTUAL BACKGROUND**

     Plaintiff is a forty-two-year-old white male. Defendant employed Plaintiff as Senior Project Manager within its training

department. While serving the capacity of an instructor, Plaintiff taught classes for employees in the fiberoptic area that instructed them on how to use and install Lucent's products. Around the year 2000, Lucent experienced financial difficulty and reacted by reducing its workforce by nearly half, from 130,000 employees to around 70,000. Lucent currently employs roughly 30,000.

In order to reduce the workforce and remain competitive, Lucent utilized a Force Management Program ("FMP"). The FMP is a computer program that ranks employees based on a number of different criteria. The process begins by selecting the geographic location and management level of employees who would be eligible for job elimination (referred to as the "FMP universe"). Then the relevant supervisors assess the performance of each identified employee within that universe pursuant to the criteria required by the FMP, grading each employee on a scale of one to three (three being the worst). The employee with the highest average rating in the universe is then selected by the FMP for job elimination.

In or about April 2002, Defendant determined that further reductions in its workforce were necessary in the LLO Salary Grade 5 level. In accordance with company protocol, supervisors of the employees in the designated level assessed the performance of those in the designated universe in order to utilize the FMP

tool. Plaintiff, an LLO Salary Grade 5 level employee, fit this category and was accordingly reviewed by his supervisor, Mr. Sarabasa. Mr. Sarabasa performed a blind assessment of Plaintiff, meaning that at the time of the assessment he was unaware of the ratings that other employees had received.[1] Mr. Sarabasa was unaware that Plaintiff had filed a complaint for discrimination. On account of Plaintiff's score, the results of the FMP placed him and 39 other employees (including women and minorities) in an at-risk category. These individuals were informed that their positions would be eliminated unless they could find another job within the company. Plaintiff was unable to locate other employment with Lucent and was eventually terminated in May 2002.

During the time that Lucent reduced the size of its work force, the company posted job openings for four team leader positions. Roughly 19 employees applied for the positions. Steve Nelson (white male) interviewed the applicants and filled the positions with those who he felt were best qualified. He made this determination by scoring the applicants in six different categories and ranking the candidates in terms of their aggregate scores. Plaintiff scored better than three of the applicants, but was outscored by 15 others. The four people who

---

[1] This conclusion is supported by the fact that Plaintiff was the only employee Mr. Sarabasa was responsible for assessing.

3

were eventually hired were Mr. Sarabasa (Hispanic male), Mr. Jordan (black male), Ms. McKittrick (white female), and Mr. Byrne (white male).

## II. PROCEDURAL HISTORY

Plaintiff initially filed a race and gender discrimination complaint according to Defendant's internal procedures. After Defendant determined that discrimination did not play a part, Plaintiff filed a complaint with the EEOC charging Defendant with race and gender discrimination. The EEOC dismissed Plaintiff's original charge, and Plaintiff commenced a similar action in this court.

Plaintiff's complaint initially contained claims against the Individual Defendants. The court dismissed these claims for lack of personal jurisdiction (as to Stickney) and failure to state a claim (as to Presley, Troianello, and Gibbons). The court dismissed Plaintiff's claims for race and sex discrimination and retaliation that occurred before August 2, 2001, and Plaintiff's second claim for retaliation in relation to Defendant's decision to terminate Plaintiff on May 2, 2002, as untimely, since the statute of limitations on those actions passed prior to Plaintiff's filing date. Additionally, the court dismissed Plaintiff's age discrimination claim as untimely. The only claims remaining for consideration by this court are Plaintiff's allegation for race and gender discrimination and retaliation

4

against Defendant for failure to promote him to Team Leader in October 2001, and Plaintiff's allegation of retaliation in his May 2, 2002, termination.

**III. LEGAL STANDARD**

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that no genuine issues of material facts exist, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). If the moving party has met that burden, then the nonmoving party must persuade the court that a genuine issue remains for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (citations & footnote omitted) (quoting Fed. R. Civ. P. 56). In considering a motion for summary judgment, the court is not to weigh the evidence, but rather must "determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). The court must view the facts in the light most favorable to the nonmovant, drawing inferences favorable to that party if such inferences are reasonable. Id.

5

at 255, 106 S. Ct. at 2513.  However, there must be more than a factual dispute; the fact in question must be material, and the dispute must be genuine.  Fed. R. Civ. P. 56(c); <u>Anderson</u>, 477 U.S. at 248, 106 S. Ct. at 2510.  A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Id.</u>

**IV. ANALYSIS**

Plaintiff, a <u>pro se</u> party, submitted a complaint to this court containing a number of different factual allegations and legal issues.  When reviewing a <u>pro se</u> complaint, federal courts should examine carefully the plaintiff's factual allegations and not summarily dismiss the complaint "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1977) (citing <u>Colney v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)); <u>see also</u> <u>Boag v. MacDougall</u>, 454 U.S. 364, 365, 102 S. Ct. 700, 701 (1982) (federal courts should construe a <u>pro se</u> petitioner's pleading liberally, no matter how inartful).

**A. Plaintiff's Discrimination Claim**

Plaintiff claims race and gender discrimination and retaliation against Defendant for failure to promote him to Team Leader in October 2001.  Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any

6

at 255, 106 S. Ct. at 2513.  However, there must be more than a factual dispute; the fact in question must be material, and the dispute must be genuine.  Fed. R. Civ. P. 56(c); <u>Anderson</u>, 477 U.S. at 248, 106 S. Ct. at 2510.  A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Id.</u>

**IV. ANALYSIS**

Plaintiff, a <u>pro se</u> party, submitted a complaint to this court containing a number of different factual allegations and legal issues.  When reviewing a <u>pro se</u> complaint, federal courts should examine carefully the plaintiff's factual allegations and not summarily dismiss the complaint "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1977) (citing <u>Colney v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)); <u>see also</u> <u>Boag v. MacDougall</u>, 454 U.S. 364, 365, 102 S. Ct. 700, 701 (1982) (federal courts should construe a <u>pro se</u> petitioner's pleading liberally, no matter how inartful).

**A. Plaintiff's Discrimination Claim**

Plaintiff claims race and gender discrimination and retaliation against Defendant for failure to promote him to Team Leader in October 2001.  Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2 (2006).  The Fourth Circuit applies the McDonnell Douglas scheme of proof in Title VII claims in instances "where the defendant disavows any reliance on discriminatory reasons for its adverse employment action."  Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 57-58 (4th Cir. 1995) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973)).[2]

Under the McDonnell Douglas test, the plaintiff bears the burden of production and must establish a prima facie case of discrimination by the preponderance of the evidence.  Runnebaum v. NationsBank of Md., 123 F.3d 156, 164 (4th Cir. 1997) (citation omitted).  After meeting this burden, Plaintiff creates a rebuttable presumption that the employer unlawfully discriminated against him.  Id. (citation and internal quotations omitted).  Then the employer must set forth reasons for its action which would "support a finding that unlawful discrimination was not the cause for the employment action."  Id. (citations and internal quotations omitted).  Once the employer meets this burden, the presumption of discrimination "drops from

---

[2] The court uses the McDonnell Douglas approach in light of the fact that Plaintiff cannot demonstrate that Defendant possessed any discriminatory animus.

7

the case," and the plaintiff must show that the articulated reason is a pretext for discrimination. Id. (citing Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 255, 101 S. Ct. 1089, 1094-95 (1981)). The plaintiff still bears the burden of proof, meaning that summary judgment is appropriate unless he presents adequate evidence that the employer unlawfully discriminated. Id. (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-11, 113 S. Ct. 2742, 2747-49 (1993)).

In order to establish a prima facie case of discrimination, a plaintiff must show by a preponderance of the evidence that: (1) he was a member of a protected class; (2) he applied for the position; (3) he was qualified for the position; and (4) he was not offered the position under circumstances that raise a reasonable inference of unlawful discrimination. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005) (citations omitted). In order to defeat summary judgment, a plaintiff must offer more than mere unsupported speculation. Ennis, 53 F.3d at 62. There must be evidence from which the jury could reasonably find for the plaintiff because "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." Runnebaum, 123 F.3d at 164 (citation and internal quotations omitted).

In this case, Plaintiff cannot establish a prima facie case of discrimination because the Team Leader position was given to a

8

more qualified candidate. During the interview process, Plaintiff was evaluated on a number of different levels by a white male interviewer.[3] After the assessment of the potential candidates, Defendant ranked each in hierarchical order according to their scores. Plaintiff ranked fifteenth out of 19 candidates. This evidence alone justifies Defendant's decision. Plaintiff offers no evidence aside from mere speculation that Defendant's motivation in hiring two minorities and one female was a pretext for discrimination. Accordingly, the court will grant summary judgment in favor of Defendant on this claim.

**B. Plaintiff's Retaliation Claim**

Plaintiff alleges in his second claim that Defendant chose to pass over Plaintiff for a promotion to Team Leader in October 2001 and decided to terminate Plaintiff in May 2002 based on the discrimination complaints Plaintiff filed. In order to establish a prima facie case for retaliation, a plaintiff must prove: "(1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that there was a causal link between the two events." EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405-06 (4th Cir. 2005). If the employer provides a non-retaliatory reason for its action, the

---

[3] When the interviewer is in the same protected category as the interviewee, a strong presumption arises that discrimination was not a factor in the decision. See Diamond v. Colonial Life & Accident Ins., 416 F.3d 310 (4th Cir. 2005).

9

burden shifts to the plaintiff to show that the employer's proffered reason is pretextual and that the employer's motivation was retaliatory. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004).

There is no dispute that Plaintiff engaged in protected activity by filing a complaint, or that Defendant took an adverse action against Plaintiff when terminating his position.[4] Plaintiff, therefore, must show that a causal link existed between the filing of complaints and his termination. Plaintiff must offer some substantial evidence to support this claim because "[a] plaintiff's own self-serving opinions, absent anything more, are insufficient to establish a prima facie case." Mackey v. Shalala, 360 F.3d 463, 469-70 (4th Cir. 2004). Moreover, a plaintiff must also show that the decision-maker had knowledge of a plaintiff's protected activity because "the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element

---

[4] The court notes that there was recently a change in the definition of "adverse action" made by the Supreme Court on account of a circuit split. Now, courts are to review an adverse action with the requirement that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. v. White, __ U.S. __, 126 S. Ct. 2405, 2415 (2006) (citation and internal quotations omitted).

of the prima facie case." Dowe v. Total Action Against Poverty, 145 F.3d 653, 657 (4th Cir. 1998) (citations omitted).

Defendant's action is not retaliatory on its face. According to the depositions of Lucent's employees, the company followed the standard protocol when making reductions in its workforce. The proper supervisors reviewed all employees who were in jeopardy of termination. Using the FMP, Mr. Sarabasa reviewed Plaintiff for purposes of determining how he would rank. The evidence before the court shows that Mr. Sarabasa was unaware of Plaintiff's prior complaints when he was reviewed as being in a class of employees at risk for losing their job. Plaintiff and Mr. Sarabasa discussed Plaintiff's disappointment with not being promoted prior to his termination, and at no point did Plaintiff mention that he had filed a complaint. Likewise, Plaintiff does not raise an issue of material fact on his retaliation claim for not receiving a promotion. The evidence shows that Mr. Nelson was unaware of Plaintiff's prior complaints when he interviewed and selected the four people for the Team Leader positions. None of the arguments advanced by Plaintiff contain issues of fact sufficient to defeat summary judgment. Accordingly, Defendant's motion on the retaliation claim will be granted.

## V. CONCLUSION

The court will grant Defendant's Motion for Summary Judgment.

11

A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 28th day of February 2007.

　　　　　　　　　　　　　　　　／s／ William L. Osteen
　　　　　　　　　　　　　　　　United States District Judge