IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GEORGE RENÉ LANE,                )
                                 )
     Plaintiff,                  )
                                 )
     v.                          )     1:04CV00789
                                 )
LUCENT TECHNOLOGIES, INC.,       )
                                 )
     Defendant.                  )

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

Plaintiff George René Lane filed an action against Lucent Technologies, Inc. ("Defendant" or "Lucent") alleging retaliation and discrimination in violation of Title VII and the Age Discrimination in Employment Act ("ADEA").[1] This court granted summary judgment on all claims in favor of Defendant on February 28, 2007. The following matter is now before this court on motion by Plaintiff to reconsider the court's summary judgment ruling and also to compel Defendant to produce a page redacted from a discovery exhibit. For the reasons stated below, Plaintiff's motions will be denied.

---

[1] Plaintiff also filed suit against a number of individual defendants, but those claims were dismissed by the court. These individuals are not included in Plaintiff's current motions.

I.  **FACTUAL BACKGROUND**

Plaintiff is a forty-two-year old white male formerly employed by Defendant as Senior Project Manager within its training department.  While in this department, Plaintiff taught classes for employees in the fiberoptic area that instructed them on how to use and install Lucent's products.  Sometime during 2000 after experiencing prolonged financial difficulty, Lucent initially reduced its workforce from 130,000 employees to approximately 70,000, and then further reduced its size to roughly 30,000.  In order to reduce the workforce and remain competitive, Lucent utilized a Force Management Program ("FMP") to aid in determining which employees to retain.  The FMP is a computer program that ranks employees based on a number of different criteria.  The employees with the least favorable average rating in comparison to others in the same category are selected for job elimination.

Sometime in April 2002, Defendant determined that further reductions in its workforce were necessary in certain pay-grade categories of which Plaintiff was a member.  Accordingly, Plaintiff's supervisor, Carlos Sarabasa, conducted an assessment in order to determine where Plaintiff would rank in comparison to others.  The results of the FMP placed Plaintiff and 39 other employees (including women and minorities) in an at-risk category.  These individuals were informed that their positions

2

would be eliminated. Plaintiff was eventually terminated in May 2002.

During the period of time that Lucent reduced the size of its work force, the company posted job openings for four team leader positions. Roughly 19 employees applied for the positions. Steve Nelson (white male) interviewed the applicants and filled the positions with those who he felt were best qualified. He made this determination by scoring the applicants in six different categories and ranking the candidates in terms of their aggregate scores. Plaintiff scored better than three of the applicants, but was out scored by 15 others. The four people who were eventually hired were Mr. Sarabasa (Hispanic male), Mr. Jordan (black male), Ms. McKittrick (white female), and Mr. Byrne (white male).

After learning that he did not get the job, Plaintiff filed a complaint with the EEOC charging Defendant with race and gender discrimination. The EEOC dismissed Plaintiff's original charge, and Plaintiff commenced a similar action in this court. After reviewing the evidence, this court determined that Plaintiff could not establish an issue of material fact that would lead a reasonable jury to conclude that Defendant discriminated or retaliated against Plaintiff in deciding to terminate his employment or in failing to hire him for a team leader position. In response to the court's ruling, Plaintiff filed a motion for

reconsideration based upon Defendant's alleged failure to turn over documents during discovery. Plaintiff also filed a motion to compel requesting this court to order Defendant to turn over an email from Defendant's in-house attorney to its outside counsel.

**II. ANALYSIS**

**A. Motion for Reconsideration**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may move for relief from a final judgment or order if a motion is filed within a reasonable time. Fed. R. Civ. P. 60(b). Disposing of motions filed under Rule 60(b) is generally left to the discretion of the district court. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984) (citations omitted). For Rule 60(b) to apply, however, "the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Id. at 206-07 (citation omitted). Once the moving party satisfies these criteria, that party must fit within one or more of several circumstances in which Rule 60(b) vests the court with authority to grant relief from a final judgment, including

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or

4

>    otherwise vacated, or it is no longer equitable that
>    the judgment should have prospective application; or
>    (6) any other reason justifying relief from the
>    operation of the judgment.

Fed. R. Civ. P. 60(b); Werner, 731 F.2d at 207.

In this case, Plaintiff seeks reconsideration of the court's ruling based on the fact that Defendant failed to produce certain documents during discovery which would allegedly show that Defendant's use of the FMP program was a facade created to disguise the discriminatory or retaliatory purpose for terminating Plaintiff's employment.[2]  Though Plaintiff's motion is timely, it is not supported by any "extraordinary circumstances" sufficient to warrant reconsideration.

In order for a court to reconsider a final judgment, a Plaintiff must demonstrate the existence of extraordinary circumstances that would justify a review of a previous ruling. This requirement exists because a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 873, 108 S. Ct. 2194, 2209 (1988) (Rehnquist, C.J., dissenting)).  Adherence to this principle helps courts "preserve the delicate balance between the sanctity

---

[2] Defendant also claims that the court failed to rule on his motion to compel filed on April 18, 2006.  This argument overlooks the court's decision during a hearing on May 18, 2006, in which the court denied Plaintiff's motion.

5

of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation and internal quotations omitted).

When analyzing whether extraordinary factors are present, courts determine whether the circumstances are extreme in nature such as gross negligence or egregious misconduct of counsel, Community Dental Services v. Tani, 282 F.3d 1164 (9th Cir. 2002), complex jurisdictional questions involving foreign sovereigns, Hester International Corp. v. Federal Republic of Nigeria, 879 F.2d 170 (5th Cir. 1989), or the inadvertent entry of judgment by the court, Lowe v. McGraw-Hill Companies, Inc., 361 F.3d 335 (7th Cir. 2004).  Courts also focus on whether the grounds for a Rule 60(b) motion contain an element of fault on behalf of the moving party.  See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262 (4th Cir. 1993) (movant unaware of entry of judgment against him); Ervin v. Wilkinson, 701 F.2d 59 (7th Cir. 1983) (movant deprived of day in court on account of fraud).  Generally, when a movant files a motion under Rule 60(b) and that movant is not completely without fault, exceptional circumstances are not present.  In fact, to receive relief under Rule 60(b), "a moving party must show both injury and that circumstances beyond its control prevented timely action to protect its interests." Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998)

6

(citation and internal quotations omitted); see also Griffin, 722 F.2d 677 (movant's previous failure to respond to discovery requests that resulted in default judgment against it precluded the finding of extraordinary circumstances).

The facts of this case show no extreme circumstances or lack of fault on behalf of Plaintiff. Plaintiff had the opportunity to pursue the evidence he is now requesting through normal channels of discovery. Instead, Plaintiff waited until after the close of the case to raise questions about the presence of documents that may or may not show his supervisor knew in advance of the FMP evaluation that Plaintiff was to be terminated. Such evidence is the type that should be uncovered during discovery and presented in opposition to a motion for summary judgment. It is not an issue to be raised after the entry of summary judgment. Cf. Arbitron, Inc. v. Tralyn Broad., Inc., 288 F. Supp. 2d 541 (S.D.N.Y. 2003) (The court ruled that the plaintiff's inability to complete discovery was not an extraordinary circumstance that justified relief under Rule 60(b).). Though courts generally loosen the rules of procedure for pro se litigants, neither "inattention [nor] inexperience . . . constitutes a [sic] 'extraordinary circumstance' that justifies Rule 60(b)(6) relief." Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir.

1997) (citation omitted).  Accordingly, Plaintiff's motion for reconsideration will be denied.[3]

**B. Motion to Compel**

Plaintiff filed a motion to compel contemporaneously with his motion for reconsideration.  In this motion, Plaintiff seeks to gain from Defendant a document which Defendant accidentally disclosed and later redacted as confidential attorney-client communication.  Rule 37 of the Federal Rules of Civil Procedure provides the process for which a party may file a motion to compel discovery.  This rule, however, does not provide a time limit for when such a motion can be filed.  Instead, it allows a court to establish a reasonable time for a party to file this motion.  See Gault v. Nabisco Biscuit Co., 184 F.R.D. 620 (D. Nev. 1999); Cont'l Indus. v. Integrated Logistics Solutions LLC, 211 F.R.D. 442, 444 (N.D. Okla. 2002) ("Although Fed. R. Civ. P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in timely fashion."). When "the moving party has unduly delayed, the court may conclude that the motion to compel is untimely."  Gault, 184 F.R.D. at 622 (citing 8A Wright, Miller & Marcus, Federal Practice and

---

[3] Since Plaintiff cannot clear the initial hurdle of demonstrating the presence of extraordinary circumstance, it is unnecessary for the court to address any additional arguments that Plaintiff may have made in support of his motion.

8

Procedure: Civil 2d § 2285 (1994 & Supp. 1998)) (internal brackets omitted).

In order to determine whether a party unduly delayed in filing a motion, it is necessary to analyze the current procedural posture of the case. Generally, a party must file a motion to compel before the close of discovery in order for that motion to be deemed timely. See Packman v. Chicago Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001) (collecting cases) (Courts do not abuse their discretion in denying a motion to compel when it was filed after the close of discovery.); American Motorists Ins. Co. v. General Host Corp., 162 F.R.D. 646, 647-48 (D. Kan. 1995); Lore v. City of Syracuse, 232 F.R.D. 155 (N.D.N.Y. 2005); Gault, 184 F.R.D. at 622. In some cases, even motions filed before the close of discovery can be untimely. See In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 333 (N.D. Ill. 2005) (collecting cases).

Here, Plaintiff filed his motion to compel well after the close of discovery. In fact, Plaintiff's motion came after the court disposed of his claims on summary judgment. Plaintiff presents no compelling reason for his delay, nor does he contend that the most extraordinary of circumstances merits the granting of this motion.[4] Accordingly, Plaintiff's motion will be denied.

---

[4] Indeed, it is also important to note that Plaintiff's motion stands in violation of Rule 37.1 of the Local Rules of
(continued...)

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motion for Reconsideration [96] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Discovery [95] is DENIED.

This the 13th day of July 2007.

                                                    /s/ William L. Osteen
                                                  United States District Judge

---

[4](...continued)
Civil and Criminal Practice for the United States District Court for the Middle District of North Carolina.